UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERRYL WATKINS | CIVIL ACTION |
| VERSUS | NO: 13-5528 |
| JOSEPH CARLINE, ET AL. | SECTION: R |

**ORDER AND REASONS**

Defendant the United States moves to dismiss plaintiff Cherryl Watkins's complaint pursuant to Rule 12(b)(1) for lack of standing.  Alternatively, the United States moves for summary judgment pursuant to Rule 56.  Plaintiff has not opposed the motion.  Because plaintiff is not the owner of the damaged vehicle for which she is seeking damages, the Court GRANTS defendant's motion to dismiss for lack of standing.

I.   BACKGROUND

On August 3, 2012, plaintiff parked a 2009 Toyota Camry at the post office in Hammond, LA.[1]  Another individual named Marquita Watkins is the titled owner of the vehicle.[2]  While Cherryl Watkins was inside the post office, an edger operated by postal employee Joseph Carline caused a projectile to strike and

---

[1] R. Doc. 10-4 at 7-8.

[2] *Id.* at 5.

shatter the rear driver's side window of the vehicle.[3]

Cherryl Watkins submitted an SF-95 tort claim to the Postal Service for $1,454.53 in property damage and loss of use.[4] Because Cherryl Watkins was not the owner of the vehicle, the Postal Service denied the claim.[5] Marquita Watkins then submitted a claim in her own name for the same amount.[6] The parties were unable to reach a mutually satisfactory resolution, and the Postal Service again denied the claim.[7]

On July 24, 2012, Cherryl Watkins sued Joseph Carline in his individual capacity in the City Court of Hammond, Seventh Ward, Tangipahoa Parish.[8] She seeks $1,578.83 in property damage and "aggravation and inconvenience."[9] The United States certified Carline's scope of federal employment at the time of the alleged tortious act and removed the case to this Court under the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(2).[10] It now moves to dismiss plaintiff's claim for lack of standing since plaintiff is

---

[3] *Id.* at 8.

[4] *Id.* at 3-4.

[5] *Id.* at 9.

[6] *Id.* at 10.

[7] *Id.* at 11.

[8] R. Doc. 1-1.

[9] *Id.* at 2, 17.

[10] R. Doc. 1.

not the owner of the vehicle in question.[11]  Plaintiff does not oppose the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has

---

[11] R. Doc. 10.

3

substantial authority to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *See Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). See also Clark, 798 F.2d at 741. Accordingly, the court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. Moreover, a court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

**III. DISCUSSION**

The question of standing involves whether the litigant is entitled to have the court decide the merits of the dispute. Courts have recognized a limitation on the class of persons who may invoke federal subject matter jurisdiction. Individual standing in a private suit requires the person invoking the court's authority to show that he personally suffered actual or threatened injury, that the injury can be fairly traceable to the challenged action, and the court would be likely to address the injury by a favorable decision. *See Save Our Community v. U.S. Envtl. Protection Agency*, 971 F.2d 1155 (5th Cir. 1992).

Apart from the constitutional limitations to standing, the courts have generally prescribed prudential standing barriers.

One such non-constitutional prudential limitation is the prohibition against third party standing.  Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal interests of third parties.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). *See also United Food and Commercial Workers v. Brown Group*, 517 U.S. 544, 557 (1996) (discussing the bar against third-party standing as prudential).

In *Stepter v. Verele*, CIV.A. 10-1799, 2011 WL 2462023 (E.D. La. June 20, 2011) (Berrigan, J.), another judge of this Court held that a plaintiff lacked standing to sue for damage to a vehicle of which her father was the titled owner.  This conclusion comports with the general principle that without proof of ownership, a plaintiff lacks standing to sue for damages to the property.  *See, e.g., Ekberg. v. United States*, 117 F.3d 1428, at *1 (10th Cir. 1997) (unpublished) (holding that non-owner of private land lacked standing to sue government for breach of contract and fraud due to government's alleged failure to complete and exchange of private land for government land); *Kelly v. Porter, Inc.*, 687 F.Supp.2d 632, 635-37 (E.D. La. 2010) (holding that individual lacked standing to sue for damages to vessel owned by limited liability corporation, even though individual was sole owner of all stock in the corporation); *Rolle v. West*, 642 F.Supp.2d 1307, 1309 (N.D. Fla. 2009) (holding that non-owner of home lacked standing to sue for damage to door of

home during search by law enforcement officers).

Accordingly, the Court determines that plaintiff, as a non-owner of the vehicle, lacks standing to sue for any damages caused to it as well as for loss of its use. *See Kelly*, 687 F.Supp.2d at 634-637 (denying claims for both damages and loss of use for lack of standing); *LeVake v. Zawitowski*, CIV.A. 02-0657, 2003 WL 23200367, at *4 (W.D. Wis. Oct. 10, 2003) (no standing to bring common-law nuisance claim for loss of use of land not owned by plaintiffs).

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss for lack of standing.

New Orleans, Louisiana, this 27th day of November, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE